# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LYQUINTA BRUNO,       )<br>    Plaintiff,             )<br>                           )<br>v.                         )<br>                           )<br>NANCY A. BERRYHILL, *Acting*  )<br>*Commissioner of Social Security*, )<br>    Defendant.            ) | CIVIL ACTION NO. 2:17-00332-N |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lyquinta Bruno brought this action under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. Upon consideration of the parties' briefs (Docs. 13, 14) and those portions of the administrative record (Doc. 12) (hereinafter cited as "(R. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held May 17, 2018, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

## I. *Background*

On September 2, 2014, Bruno filed an application for a period of disability and DIB with the Social Security Administration ("SSA"), alleging disability

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 24, 25).

beginning December 1, 2013.[2] After her application was initially denied, Bruno requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review, which was held on February 11, 2016. On May 25, 2016, the ALJ issued an unfavorable decision on Bruno's application, finding her not disabled under the Social Security Act and thus not entitled to benefits. (*See* R. 14 – 27).

The Commissioner's decision on Bruno's application became final when the Appeals Council for the Office of Disability Adjudication and Review denied her request for review of the ALJ's decision on May 23, 2017. (R. 1 – 5). Bruno subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. *See* 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II.  *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the

---

[2] "For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she were insured." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) (citing 42 U.S.C. § 423(a)(1)(A) (2005)).

Commissioner's decision is ' "supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." ' " *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal citation omitted) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997))). However, the Court " 'may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].' " *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (alteration in original) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983))). " 'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.' " *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]" *Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light

of all the relevant facts.").³ "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper

---

³ Nevertheless, "[m]aking district courts dig through volumes of documents and transcripts would shift the burden of sifting from petitioners to the courts. With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (28 U.S.C. § 2254 habeas proceedings). "[D]istrict court judges are not required to ferret out delectable facts buried in a massive record," *id.*, and " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (Fed. R. Civ. P. 56 motion for summary judgment) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115-16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Crawford*, 363 F.3d at 1161 (same); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court')."); *In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) ... As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo*

the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

> Eligibility for DIB…requires that the claimant be disabled. 42 U.S.C. §[] 423(a)(1)(E)…A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §[] 423(d)(1)(A)…

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established

that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

When the ALJ denies benefits and the Appeals Council denies review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. But "when a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Nevertheless, "when the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998).

### III. *Summary of the ALJ's Decision*

At Step One, the ALJ determined that Bruno met the applicable insured status requirements through December 31, 2019, and that she had not engaged in substantial gainful activity since the alleged disability onset date, December 1, 2013. (R. 19). At Step Two, the ALJ determined that Bruno had the following

severe impairments: degenerative disc disease and osteoarthritis of the lumbar spine; degenerative joint disease of the right knee; osteoarthritis of the right hip; fibromyalgia; right rotator cuff tendonitis; hypertension; obstructive sleep apnea; obesity; plantar fasciitis of the right foot; peripheral neuropathy; major depressive disorder and post-traumatic stress disorder. (R. 19). At Step Three, the ALJ found that Bruno did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant Listing of Impairments. (R. 20 – 22).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).
>
> If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.
>
> In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Bruno had the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a)[6] except for the following: never push or pull foot controls with lower right extremity; frequently push and pull hand controls with right upper extremity; frequently reach overhead, finger, and handle with right upper extremity; occasionally balance, stoop, kneel, crouch, and climb ramps and stairs; never crawl; never climb ladders, ropes, and scaffolds; never work in environments with unprotected heights or hazardous moving mechanical parts; no operation of a motor vehicle for commercial purposes; occasional interaction with supervisors, coworkers and the public; and be exposed to only a few changes in the work setting." (R. 22 – 26).

Based on this RFC, and after hearing testimony from a vocational expert, the ALJ determined that Bruno was capable of performing past relevant work as a human resources clerk, obviating the need to proceed to Step Five. (R. 26). Thus, the ALJ found that Bruno was not disabled under the Social Security Act. (R. 27).

## IV.    *Analysis*

### a.    **First Claim of Error – Misrepresentation of Evidence**

Bruno first argues that the ALJ misrepresented the record by observing that "examinations throughout the record generally showed benign findings" (R. 23, 24) and that there was evidence of "at least somewhat effective" treatment (R. 23).

---

[6] "To determine the physical exertion requirements of different types of employment in the national economy, the Commissioner classifies jobs as sedentary, light, medium, heavy, and very heavy. These terms are all defined in the regulations … Each classification … has its own set of criteria." *Phillips*, 357 F.3d at 1239 n.4.

However, in what appears to be an invitation for the Court to impermissibly decide the facts anew, reweigh the evidence, or substitute its judgment for that of the ALJ, *Winschel*, 631 F.3d at 1178, Bruno's brief proceeds to cite a laundry list of diagnoses, symptoms, and signs plucked from throughout the record that she conclusorily asserts do "not show benign presentations and evidence of effective treatment." (Doc. 12 at 5 – 6). Bruno, however, fails to offer any explanation as to how this context-less evidentiary hodgepodge undermines the ALJ's factual determinations to the point that they fail the deferential "substantial evidence" review. *See Ingram*, 496 F.3d at 1260 ("Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence." (quotation omitted). "The 'mere existence' of an impairment is insufficient to establish limitations on a claimant's ability to work or to undermine the ALJ's RFC finding[,]" *Chiappini v. Comm'r of Soc. Sec.*, No. 17-12411, 2018 WL 3060012, at *3 (11th Cir. June 20, 2018) (per curiam) (unpublished) (quoting *Moore*, 405 F.3d at 1213 n.6), and " 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision ... is not a broad rejection which is not enough to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole.' " *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Moreover, the ALJ's decision provides ample reasoned explanation for reaching the conclusions that Bruno now challenges, which Bruno fails to

acknowledge or rebut in her brief. Even if these broad, generalized statements can be fairly said to mischaracterize the record as a whole, Bruno has failed to explain how any of that affected the ALJ's ultimate RFC determination, particularly given that the RFC limited her to a reduced range of sedentary work, the lowest exertional classification available in the Social Security regulations. *See* 20 C.F.R. § 404.1567(a).[7] Accordingly, the Court **OVERRULES** Bruno's first claim of error.

### b.     Second Claim of Error – VA Disability Rating

The evidence considered by the ALJ included "a Rating Decision dated November 2, 2015, from the Department of Veterans Affairs, which sets forth the determination that the claimant has a combined disability rating of 100 percent, due to multiple service-connected impairments encompassed in the severe impairments discussed" in Step Two. (R. 24. *See also* R. 205 – 216). Bruno argues

---

[7]     At oral argument, Bruno's counsel suggested that the sheer number of severe impairments the ALJ found at Step Two is a strong indication that Bruno is disabled. The undersigned disagrees, as the Step Two severity test was designed only to act as "a 'screening' or 'filter' to eliminate groundless claims[,]" *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam) (unpublished), and imposes a "de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working." *Stratton v. Bowen*, 827 F.2d 1447, 1452 n.9 (11th Cir. 1987) (citing *Baeder v. Heckler*, 768 F.2d 547, 551 (3d Cir. 1985)).

        Citing the high number of doctor visits evidenced in the record, Bruno's counsel also argued that the Court should infer from this that she can be expected to miss more than two days of work a month on a regular basis, which the VE testified would have rendered Bruno unable to find work in an "unskilled work setting." (*See* R. 51). Again, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, and Bruno has failed to explain why the record should have compelled the ALJ to make such a finding. Moreover, the VE's testimony as to how much absenteeism the "unskilled work setting would allow" is irrelevant to the ALJ's decision – the ALJ found at Step Four that Bruno could perform past relevant work as a human resources clerk, which is classified as "semi-skilled" rather than "unskilled." (R. 26).

that the ALJ erred in assigning "little weight" to the determination.

> It is the law of this Circuit that "[a]lthough the V.A.'s disability rating is not binding on the [SSA], it is evidence that should be given great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quotation omitted); *see also* 20 C.F.R. § 404.1504 (providing that other government agency decisions about a person's disability status based on that agency's own rules are not binding on the SSA). It is not disputed that the VA's "disability" determination relies on different criteria than the SSA's determination.[8] But that does not mean that the ALJ can summarily ignore the VA's determination nor give it "little weight."…[T]he ALJ is not required to give the VA's disability determination controlling weight. In making his own determination of whether [a claimant] is disabled, however, the ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination.[9] *See Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th

---

[8] For example:

> For Social Security purposes, a claimant is entitled to disability insurance benefits, when he proves he is under a disability, meaning he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment." 42 U.S.C. § 423(a)(1)(E), (d)(1)(A). In contrast, the VA generally will grant total disability, when "there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. § 3.340(a)(1). Additionally, the VA "shall give the benefit of the doubt to the claimant," whenever "there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter." 38 U.S.C. § 5107.

*Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907, 914 (11th Cir. 2015) (per curiam) (unpublished).

[9] After *Brown-Gaudet-Evans* was decided, 20 C.F.R. § 404.1504 was amended to state: "[I]n claims filed…on or after March 27, 2017, we will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits. However, we will consider all of the supporting evidence underlying the other governmental agency or nongovernmental entity's decision that we receive as evidence in your claim…" Because Mason's DIB application was filed in 2014, the current version of § 404.1504 does not apply to it, and the Court need not decide how that amended regulation affects Circuit

Cir. Unit A Mar. 25, 1981) ("A VA rating of 100% disability should have been more closely scrutinized by the ALJ.").[10]

*Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (per curiam) (unpublished).[11]

The ALJ explained that she gave "little weight" to the VA determination

[d]ue to its inconsistency with the objective medical evidence discussed [in the decision] and the other opinion evidence of record, which rely on standards used by Social Security. For example, physical examinations generally revealed negative straight leg raise tests, grossly normal gait and station, full range of motion along with five out of five strength in the extremities (Ex. 1F/8-19, 6F/8-16, 8F/12). Mental status examinations showed that the claimant was alert and oriented to person, place and time, that she was neatly groomed with good hygiene, cooperative and calm. They also generally noted euthymic mood, logical thought process, normal judgment and that her insight was present (Ex. 9F/123, 164-165, 174-175).

(R. 25). The ALJ thus adequately demonstrated that she "seriously consider[ed] and closely scrutinize[d] the VA's disability determination and...g[a]ve specific reasons [for] discount[ing] that determination[,]" *Brown-Gaudet-Evans*, 673 F. App'x at 904,[12] reasons that Bruno fails to address apart from a conclusory assertion

---

precedent regarding the consideration of VA determinations.

[10] "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

[11] In light of this Circuit's clear precedent, the ALJ was incorrect as a matter of law in suggesting that the VA determination "cannot be given special significance." (R. 24). Nevertheless, the ALJ also stated that she had "fully considered the findings contained within" the VA determination, and gave other specific reasons for discounting it. (R. 24 – 25).

[12] *See also Ostborg*, 610 F. App'x at 914 ("The record in this case shows the ALJ closely scrutinized the VA's disability decision and gave specific reasons for

that "the VA's ratings are supported by the examination findings throughout the record." (Doc. 12 at 7).[13] Simply claiming that other evidence in the record is sufficient to support a contrary conclusion, however, is insufficient to show reversible error. "Even if the evidence preponderates against the Commissioner's factual findings, the Court must affirm if the decision reached is supported by substantial evidence." *Ingram*, 496 F.3d at 1260.

Accordingly, the Court **OVERRULES** Bruno's second claim of error. Having overruled all claims of error raised, the Court therefore finds that the Commissioner's final decision denying Bruno benefits is due to be **AFFIRMED**.

V. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's decision denying Bruno's application for a period of disability and DIB, made final by the Appeals Council's denial of review on May 23, 2017, is

---

determining the VA's determination had little bearing on Ostborg's case…Substantial evidence supports the ALJ's reasons for discounting the VA's determination, because that determination makes no mention of Ostborg's wide-ranging hobbies and interests. In addition, the ALJ correctly explained the VA and SSA use different criteria for determining disability…Notably, this case is distinguishable from *Brady* [because, i]n contrast to *Brady*, the ALJ determined Ostborg suffered from severe impairments. *See Brady*, 724 F.2d at 917.").

[13] Thus, *Daniels v. Berryhill*, No. 3:16CV412-WC, 2017 WL 2177336 (M.D. Ala. May 17, 2017), cited by counsel for Bruno at oral argument, is distinguishable from the present case. In *Daniels*, the district court found error because the ALJ "did not give specific reasons for discounting the VA rating, but, instead, relied solely upon on the lack of similarity in the evaluation processes between the VA and the SSA[,]" citing other district court cases finding similar error. 2017 WL 2177336, at *6. In this case, while the ALJ did note "that the standards used by the Department of Veterans Affairs in determining disability are completely different than those used by the Social Security Administration[,]" she then noted, correctly, that this meant only that she was "not bound by the findings" in the VA determination. (R. 24).

**AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Final judgment shall issue separately in accordance with this order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the 6th day of July 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**